# UNITED STATES DISTRICT COURT

*For*
*The District of Rhode Island*

Joseph McFadden :
(Enter the full name(s) of the Plaintiff(s) in this action)

vs.

CA 07 419S
Civil Action No. ______

JAke Gadsen
A.T. WAll
JAmes Weeden
Lt. Chapelle
(Enter the full name(s) of the Defendant(s) in this action)

PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes: ______ No: X

B. If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit:

Plaintiffs: N/A

Defendants: N/A

2. Court where action was filed(if federal, give the district; or if state, give the county):

N/A

3. Please give docket number(s): N/A

4. Name of Judge to whom case was assigned: N/A

5. Disposition of case(for example, was the case dismissed or appeal, or is it still pending)

N/A

6. Approximate date of filing lawsuit: N/A

7. Approximate date of disposition: N/A

II. PLACE OF PRESENT CONFINEMENT

A. Did you present the facts relating to this complaint to the Warden or any of the prison officials? yes

B. If your answer was Yes:

1. What steps did you take? Attempt to resolve issues through inmute request process and inmute grievance.

2. What was the result(s): I have made serval Attempts to try to get a level one Grievance and was denied

C. If your answer is NO, explain why not: N/A

III. PARTIES

In item "A" below, place your name in the first blank. Do the same for for any additional parties, if any.

A. Name of Plaintiff: Joseph Mcfadden

In item "B" below, place the full name of the Defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item "C" for the names, position and places of employment of any additional Defendants.

B. Defendant A. T. Wall is employed as Director at Adult Correctional Center.

C. Additional Defendants: Jake Gadsen; James Weeden: Assistant Director; Warden: Lt. Chapelle:

IV. STATEMENT OF CLAIM

State here as briefly as possible the facts of your case. Describe how each Defendant is involved. Include also the names of any other person(s) involved, dates and places. Do not give any legal argument or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach an extra sheet, if necessary.

Claim 1: Plaintiff alleges Violation of his right, privileges to procedural due process as guranteed by the fourteenth Amendment to the united states Constitution. Claim:(2) Plaintiff alleges Violation of his right, privileges Free exercise of Religion as guranteed by the First Amendment to the united states Constitution. Claim 3: The plaintiff alleges Violation of his fourth Amendment right, privilege to Privacy. Claim 4: The plaintiff alleges violation of his Eighth Amendment right by Deliberate Indifference.

V. RELIEF

State briefly exactly what you want the Court to do for you. Make no Legal arguments and do not cite any cases or statutes.

Declaratory Judgement stating the defendants actions violated the plaintiff's rights. Compensatory and Punitive damage Awards. Award Cost expenses attorney fees. Expungement of record. Injunctive order and relief From Conditions of Confinement.

Such other relief as the Court may deem honorable and appropiate.

VI. CERTIFICATION

I the undersigned, do hereby swear that the above stated facts are both true and correct, based upon my personal knowledge.

Joseph McFadden
(Signature of Plaintiff)
Po Box 8200 Cranston
RI. 02920

(Additional Plaintiffs)

Cranston, R.I. 02920
(Address for Plaintiff(s))

Prisoner's Rights

Joseph mcfadden

VS

Director A.t. Wall

Assistant Director

Jake Gadsen

Warden

James Weeden

Lt. Chapelle

CA 07 419 S

Civil Rights Complant With a Jury Demand:

This is a 42 USC Section 1983 action filed by Joseph mcfadden, a State Prisoner, alleging violations of his constitutional Rights and seeking money damages, declaratory Judgement and injunctive relief. The Plaintiff request a trial by Jury.

## Jurisdiction

1. This action is brought against each of the defendants Pursuant to 42 u.s.c. Sec 1983, to remedy violations of the fourteenth, first and fourth Amendments to the united States constitution. This court has Jurisdiction over the Plaintiff's claims Pursuant to 28 USC Section 1343 (3).

## Parties

2. Plaintiff, Joseph mcfadden is Presently incarcerated at the correctional center A.C.I. numerical number of identification no 82432

3. Defendant A.t. Wall is the director of the Rhode Island state Department of corrections. He is legally responsible for the overall operation of the department and each institution under its Jurisdiction including A.C.I. He is sued in his offical and individual capacity.

4. Defendant Jake Gadsen is the Assistant Director of the Rhode Island state Department of Corrections. He is legally responsible for operations and supervises the overall operation of the A.C.I. facilities Policies offender classification, fiscal operations. He is sued in his official and individual capacity.

5. [redacted] Defendant James weeden is the warden of the center at [redacted] A.C.I. maximum security and High security center facilities and is ultimately responsible for the operation and management of the Prisons. He is sued in his official and individual capacity.

6. Lt. Chapelle is a correctional officer of the A.C.I. Rhode Island Department of corr, who at [redacted] all Times mentioned in this complaint held the Rank of Lieutenant and was assigned to Rhode Island maximum security Prison.

## Facts

6. on July 10, 07 The morning thereof Plaintiff was secured in his cell and not allowed to move freely with the regular inmate Population.

7. whereupon at which point and time Plaintiff was informed by correctional officer Dove that he was on lock in status per Captain Ashton.

8. At approx 1:15 pm. Plaintiff was summoned to Captain Ashton's office. upon arrival the letter appeared and was exhibited to Plaintiff of which was accused of having written to a female teacher.

9. Captain Ashton thereupon replied to Plaintiff that he knew what the Plaintiff was up to and that he couldn't be doing that - dont let it happen again.

10. thereafter conversation with Captain Ashton Plaintiff resumed his normal activities within daily routine of inmate activity.

11. Approximately 8 minutes later officer Dove informed Plaintiff again that Captain Ashton wanted to see Plaintiff in his office.

12. upon the Plaintiffs arrival Captain Ashton replied, you know what after looking at this again, your going to segregation and informed officer Doyle to cuff him up and jumped out of his chair, got in Plaintiffs face stating, who do you think you are trying to write women in my building. I've been waiting for you to get out of line, say something so I can spray you and fuck you up. Give me a reason. So head, say something.

13. After verbally abusing Plaintiff, Captain Ashton thereby stated, get this piece of shit out of here. I was then escorted to segregation.

14. Upon arrival at Segregation Plaintiff was Placed in a Cell and Secured. At approx 3:40 Pm Plaintiff received a booking for Sexual Proposal and threats.

DENIAL of DUE PROCESS

15. on July 13, 07 a Disciplinary hearing board was held and conducted by Lt. Chappell. The Plaintiff did not go to the hearing. Plaintiff already stated and explain the contents of the letter when the Booking was read to Him on July 10, 07. Plaintiff stated the letter was not address to any one Particular, that he was expressing his self working on his grammar and that there was nothing written in a sexual nature or threat, the letter explains that clearly.

16. The Plaintiff's defense clearly stated the charge of Sexual Proposal or threats to another failed to match the conduct charged By officer Hetu marked exhibit ____ incorporated herein.

17 Plaintiff further raised the claim that the Disciplinary Report alleged the wrong date of the incident stating that on July 9, 07 is when the actual incident occured not on July 10, 7 and that because of this grave mistake there was a Process failure warranting dismissa of the infraction.

18. DHO Lt. Chappell found the Petitioner\Plaintiff guilty of the offense charged and imposed sanctions of 30 days Punitive segregation and a down to "B Status" High Security.

marked exhibit ____ incorporated herein.

19. The Disciplinary hearing board Lt. Chappell appealed the finding and decision to warden James weeden on the behalf of the Petitioner\Plaintiff on July 13, 07 and received a denial on July 20, 07 And was transfered to High Security Center the following month.

DENIAL of Free EXERCISE of Religion

20. The Plaintiff who is an avowed devout muslim says that the defendants A.t. wall, Jake Gadsen, have denied Plaintiff and refused to Provide him with food sufficient to sustain him in good health that satisfies the dietary laws of his religion.

21. the Rhode Island D.O.C. Prison food menu consist's of meats and only one main menu served to it's entire Population including muslims who are forced to eat these meals without option or eat around them during meal times.

22. Plaintiff is not receiving the daily allotment of Protein in his diet due to the abstinence from the meat servings and has lost weight to this Practice by the defendants.

23. The defendant's A.t. wall, Jake Gadsen, have refused to change the Prison Policy on Serving Haram meats to muslims, the Plaintiff has expressed to the defendants that these Practices are clear violations of the faith and that he would have to fast for 40 Days in order to have his Prayers accepted if he ate such meats.

24. The defendants have a ban on Commercial Halal food and refuses to Provide Halal food through food services or commissory Purchase To muslims.

## DENIAL of fREE EXERCISE of RELIGION:

25. The Defendant James weeden has a Policy which restricts muslims from wearing their religious kufi's except in cells. Plaintiff is not allowed to wear his kufi outside in mod or in the Prison rec Yard or at visits.

26. The Defendant allows inmates to wear commissary Purchased hats in the rec Yard without restriction.

27. They inquired into this rule of Practice by the defendant and was told that the reason why muslims were not allowed to wear their kufis outside their cells was because if you wear it then the whole building will start becoming muslim and it would be like a Gang thing.

28. Warden weeden has refused to Present evidence to support this unequal treatment.

## DENIAL of PRIVACY: DENIAL of fREE EXERCISE of RELIGION:

29. The Defendant's A.T. Wall, Jake Gadsen, James weeden have a Policy and Practice which Permits muslims and non muslim Prisoners to be Viewed unnecessarily in the nude or while Performing Private bodily functions especially by Persons of the oppsit sex.

30. Warden weeden at the maximum security housing unit has Showers that are clearly in the open which allows muslim inmates to be viewed unnecessarily in the nude by male and female Persons walking by from all sides unlike the intake center, medium security unit and High security center which has a wall barrier Presenting frequent and direct observation or observation at a distance.

31. It is against the Plaintiffs Religious tenets to be viewed in the nude or while taking Public bath's and these are the conditions of the shower installations at maximum security they are open to the Public.

32. Plaintiff has exhausted all available administrative remedies.

## Claim one:

**Violation of Plaintiffs right of free Speech and right to Procedural Due Process.**

The hearing that resulted in his Placement into Punitive segregation and loss of liberty violated Plaintiff's right of freedom of expression which is granted by the first Amendment to the united States Constitution.

The right to Procedural due Process as granted by the fourteenth Amendment to the united states Constitution in one or more of the following ways:

A. The failure to give notice of date of the charge of the misconduct.

B. The decision to Place Plaintiff in Punitive sanction was not supported by some evidence for the charge misconduct.

## Claim Two:

33. Violation of Plaintiff's right to substantive due Process.

c. Through the Rhode Island Department of correction Policy and Procedure States statutes has granted its inmate a liberty interest R.I. D.O.C. Policy Penal discipline creates a reasonable expectation that an inmate will receive due Process in matters of Penal discipline.

D. Defendant's Lt. Chappells actions in making an unexpected and unusual interpretation of Plain language in Prison rules of discipline Violated the substantive due Process. And denied Plaintiff due Process.

E. Lt. Chappells actions in enforcing a Prison rule so Vague that People of ordinary intelligence must guess at its meaning denies substantive due Process.

F. The failure of the Defendants A.t. wall, Jake Gadsen, James weeden Lt. Chappell to give adequate notice that its Policy Prohibits the the conduct with which a Particular Prisoner is charged denied the Petitioner substantive due Process.

G. The imposition of false disciplinary charges which failed to match the Plaintiff's conduct and resulted in Punitive Sanctions for conduct not Prescribed by Prison rules denied Plaintiff substantive due Process.

H. The actions of defendant weeden in refusing to overturn the Plaintiffs disciplinary conviction despite his knowledge of the above described due Process violations constituted deliberate indifference and further denied the Plaintiff the due Process of law in violation of the fourteenth amendment To the united States constitution.

## Claim Three:

I. The failure of defendants A.t. wall, Jake Gadsen, James weeden To Provide inmates of the muslim faith with food sufficient to sustain them in good health that satisfies the dietary laws of their religion violated the Plaintiff's first amendment right to free exercise of Religion.

J. The defendants A.t. wall, Jake Gadsen, James weeden ban on commercial Halal food and the Provision of Halal food availability violated the Plaintiff's first amendment right Privilege to exercise of religion.

K. The actions of defendant's A.t. wall, Jake Gadsen, James weeden in forcing muslim inmates to eat Haram (unlawful) meats or around meals and failing or refusing to Provide supplements amounts to cruel and unusual Punishment in violation of the Eight Amendment by deliberate indifference.

## Claim four:

L. The Defendants action's A.t. wall, Jack Gadsen, James weedens Policy Practice of restrictions on muslim Religious headwear kufis violated the Plaintiff's rights, Privileges of free exercise

of Religion under the first amendment of the united states constitution.

Claim five:

m. The actions of Defendants A.T. Wall, Jake Gadsen and James weeden's Policy which Permits Muslim and non muslims to be viewed in the nude or that is while Performing bodily functions in open Shower area's to the Public by Person's especially of the opposite sex frequently and by direct observation by exposure of his genitals to Persons of the opposite and **same sex** violated the Plaintiff's rights and Privileges to Privacy under the fourth amendment to the united states constitution and the Plaintiff's rights to free exercise of the Religion clause under the first amendment.

Relief Requested

wherefore, Plaintiff request's that the court grant the following relief:

A. Issue a declaratory Judgement stating that:

1. the defendants acts, Policies and Practices described herein **violat** Plaintiff's rights under the united states constitution.

2. A Preliminary and Permanent injuction which

a. Require's defendants A.T. wall, Jake Gadsen, James weeden to upgrade Plaintiff's classification status to general Population and expunge disciplinary report from record.

B. Requires defendants A.t. wall, Jake Gadsen, James weeden to Provide Halal food sufficient to sustain muslim's in good health which satisfies the dietary laws of Plaintiff's religion. Effective immediately upon hearing and order upon this motion.

C. Require defendants A.t. wall, Jake Gadsen, James weeden to Provide Commercial Halal food through commissary service Purchase to muslim inmates.

D. Require defendants A.t. wall, Jake Gadsen, James weeden allow muslim inmates to wear religious head gear to outside cells to yard, visits, and in unit mods and mess Hall.

E. Require defendants A.t. wall, Jake Gadsen, James weeden, to install curtesy wall barrier's between Public bath showers and inmate Population and members of opposit sex while Performing Private bodily functions during showers in Prison maximum Security Housing.

F. Require defendants A.t. wall, Jake Gadsen, James weeden to rescind the Policy directive on food services of serving Haram meats on the menu without alternative to muslim inmates which force's them to eat found meals.

G. Require defendant Director A.t. wall to remove from the Plaintiffs files any write ups or other reports concerning the reports and events described herein regarding disciplinary.

H. require defendants A.T. Wall, Jake Gadsen, James Weeden, To rescind the Practice, and Policy which restricts muslims from wearing their religious kufis except in Cells.

I. Require Defendant's Director A.T. Wall, Jake Gadsen, James Weeden to remove from Plaintiff's files an reference to Plaintiffs write up and Prohibit defendant Adult Authority members from considering any such references in any way when they fix Plaintiff's terms and decide whether Plaintiff's should be released on Parole.

3. Compensatory damages in the amount of $ 50,000 To Plaintiff from all defendant's.

4. Punitive damages of $ 10,000 to Plaintiff from Defendant A.T. Wall, Jake Gadsen, James Weeden, Lt. Chappell.

5. Trial By Jury on all issues trial by Jury.

6. Plaintiff's cost of this Suit.

7. Such other and further relief as this Court may deem Just, Proper and equitable.

Dated: 10-26-07

Respectfully Submitted

X- Joseph McFadden